Requestor: Ronald L. Newell, City Attorney City of Glens Falls Glens Falls, New York 12801
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a person may serve simultaneously as a member of the Glens Falls city council and as a full-time firefighter in the Glens Falls city fire department.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
You have indicated that the common council has responsibility for preparation and adoption of the city budget which includes the budget of the city fire department. Further, you have indicated that the council has line item approval power with respect to the budget. The council conducts contract negotiations with the union representing city firefighters and ultimately votes on the contract. The common council also determines whether to purchase equipment for the fire department and has responsibility for approval of payroll and expenses of the fire department.
In our view, these two positions are incompatible. The common council is required annually to determine the proper funding level for the city fire department taking into consideration the allocation of available funds for all city purposes. Further, the authority to approve line items gives the common council extensive control over the specifics of the fire department budget. In addition to controlling his own salary and benefits as a firefighter, the councilperson would also exercise control over the salaries and benefits of his co-workers in the fire department.
In approving the budget, the common council must weigh the needs of all city departments, including the fire department. As a member of the city fire department, we believe that the councilperson would have divided loyalties in determining the allocation of funds to each city department. At least, such dual employment would create an appearance of impropriety in the eyes of the public. Thus, the councilperson, as a city firefighter, would have a conflict of interests in participating in the budgetary process. In that the development of the budget involves considerable time and is significant, recusal is not an effective remedy.
In previous opinions of this office, we have found that a position of employment with a municipality is subordinate to membership on the legislative body of that municipality (1987 Op Atty Gen [Inf] 123).
I note that you have also provided correspondence from the attorney for the councilperson. I indicated to you that as a matter of policy and as a practical matter this office does not act as a fact finder. It is necessary that the municipal attorney requesting our opinion provide the facts which form the basis of our opinion. You have informed me that your January 29, 1990 letter will serve as the statement of facts in this matter and this opinion has been rendered based solely on these facts.
We conclude that the positions of member of the Glens Falls city council and firefighter in the Glens Falls city fire department are incompatible.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.